IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELE GRUENHAGEN,

Plaintiff,

v.

OPINION and ORDER

FRANK BISIGNANO,
Commissioner of the Social Security Administration,

25-cv-570-jdp

Defendant.

---

Plaintiff Michele Gruenhagen seeks judicial review of a final decision of defendant Frank Bisignano, Commissioner of the Social Security Administration, finding that Gruenhagen was not disabled within the meaning of the Social Security Act. Gruenhagen contends that administrative law judge (ALJ) Micah Pharris failed to properly evaluate the opinions of occupational medicine provider Michael Fitzgerald. The court agrees that the ALJ did not adequately explain why he rejected Fitzgerald's opinions, so it will remand this case to the agency for further proceedings.

## BACKGROUND

Gruenhagen applied for disability benefits, alleging disability beginning in 2017. R. 248.[1] Gruenhagen's date last insured was December 31, 2021. The ALJ found that Gruenhagen suffered from multiple severe impairments during this period, including degenerative disc disease and arthritis of the sacroiliac joint. R. 13. The ALJ concluded that Gruenhagen did not have an impairment that met or medically equaled the severity of one of

[1] Record cites are to the administrative transcript located at Dkt. 5.

the listed impairments in the Social Security regulations. R. 15. He found that Gruenhagen had the residual functional capacity (RFC) to perform sedentary work with some additional limitations. R. 16. Relying on the testimony of a vocational expert, the ALJ found that Gruenhagen was not disabled because she could perform jobs that exist in significant numbers in the national economy, including cuff folder, information clerk, and polisher. R. 21.

Gruenhagen now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination*. Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

## ANALYSIS

Gruenhagen raises a single issue on appeal, which is that the ALJ did not adequately consider the opinions of Michael Fitzgerald, an occupational medicine physician who evaluated Gruenhagen in 2017 and 2023. When evaluating medical opinions, the ALJ is required to consider how well supported the opinion is and whether it is consistent with other evidence in the record. 20 C.F.R. § 416.920c(a); *Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022).

As an initial matter, the commissioner appears to contend that the ALJ did not have to provide specific reasons for rejecting Fitzgerald's opinion because his RFC assessment is at least as restrictive as the opinion of stage agency physician Rohini Mendonca. R. 131–33. That's not accurate. Social Security regulations require the ALJ to consider all medical source opinions

in the record. *See* SSR 96-8p; *Conrad v. Barnhart,* 434 F.3d 987, 991 (7th Cir. 2006). And if the ALJ chooses not to incorporate a medical source's opinions into the claimant's RFC, the ALJ must provide specific reasons for that decision. *Id.* An ALJ may reject a medical source opinion if it conflicts with other medical opinions that the ALJ finds more convincing, but if he chooses to do that, the ALJ must explain why he favors one medical opinion over another. *See Arnold v. Barnhart*, 473 F.3d 816, 824 (7th Cir. 2007).

Gruenhagen contends that the ALJ did not provide specific reasons supported by the record for rejecting either Fitzgerald's 2017 opinion or his 2023 opinion.

**A. 2017 opinion**

When he evaluated her in 2017, Fitzgerald observed that Gruenhagen appeared uncomfortable both while sitting and while rising from a chair. Her gait was antalgic, and she had tenderness when Fitzgerald palpated the sacroiliac joints. Gruenhagen told Fitzgerald that she "spends the majority of her day sitting in a curled-up position which helps relieve the pain in the sacroiliac joints." R. 701. She said that she could be on her feet for 30 minutes up to three times a day to perform activities of daily living, but that she could not tolerate being up longer than that. R. 701.

Based on this evaluation, Fitzgerald opined that Gruenhagen had various work limitations. R. 701–02. He said that she could not do "safety sensitive" work because of her medications and that she was limited to only occasional lifting, bending, and twisting.[2] He also said that she would miss at least one day per week of work due to pain, that she could not sit

[2] Fitzgerald did not explain what "safety sensitive" work means. But the ALJ and the commissioner both assumed that it meant hazardous work, and Gruenhagen does not dispute that interpretation.

or stand for a prolonged period of time, that she would need to alternate between sitting and standing, and that she would likely work at a reduced pace and have difficulty with persistence at work because of her symptoms. R. 702.

The ALJ found that Fitzgerald's 2017 opinion was well explained and consistent with his evaluation of Gruenhagen. R. 19. The ALJ incorporated some of Fitzgerald's opinions into the RFC by limiting her to sedentary and non-hazardous work. But the ALJ rejected Fitzgerald's opinions that Gruenhagen would be frequently absent and would work at a slow pace. The ALJ explained that "the record shows that [Gruenhagen] actually engages in more activity than was noted at [her visit with Fitzgerald] and the overall findings in the record are not indicative of the need for absences or off task behaviors." R. 20.

Gruenhagen contends that the ALJ's explanation for rejecting portions of Fitzgerald's 2017 opinion was inadequate because the ALJ did not say what activities she engaged in that contradicted Fitzgerald's opinion, nor did he say what "overall findings in the record" were inconsistent with Fitzgerald's opinion. The commissioner acknowledges that the ALJ did not support these statements with specific evidence in the portion of his decision in which he discussed Fitzgerald's 2017 opinion. But that's not fatal on its own; as the commissioner points out, the court must "read the ALJ's decision as a whole," *Rice v. Barnhart*, 384 F.3d 363, 370 n. 5 (7th Cir. 2004), and "not discount [the ALJ's reasoning] simply because it appears elsewhere in the decision." *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015).

The commissioner identifies two pieces of evidence that the ALJ discussed elsewhere in his decision that purportedly contradict Fitzgerald's opinion.[3] First, various records from March 2021 report that Gruenhagen had shoveled snow earlier that winter. R. 640; 642. The ALJ found that activity inconsistent with Gruenhagen's statement to Fitzgerald that she spends most of the day in a curled-up position to relieve her sacroiliac pain. R. 19. Second, Gruenhagen's medical records show that she received multiple sacroiliac joint injections between approximately 2013 and 2018, which improved her symptoms. R. 412.

Neither of these is a logical reason for rejecting Fitzgerald's opinion. The March 2021 records that the ALJ identifies appear to refer to a single incident in which Gruenhagen shoveled snow and injured her shoulder. R. 640 (Gruenhagen "exacerbated her shoulder shoveling this winter a few months ago); R. 642 ("She started to have pain in her shoulder about 3 months ago . . . it started after she was doing some shoveling outside"). A single, unsuccessful attempt to shovel snow is not inconsistent with Gruenhagen's assertion that she spends most of her time in a curled-up position to relieve her pain, and the ALJ did not explain why he thought otherwise.

As for the ALJ's observation that Gruenhagen received sacroiliac joint injections, the commissioner argues that "to the extent that those injections relieved [Gruenhagen's] symptoms, those symptoms were not disabling. Dkt. 15, at 9 (citing *Curvin*, 778 F.3d at 651). That's an accurate statement of the law, but the problem is that the ALJ didn't say whether

[3] The commissioner also identifies several pieces of evidence that the ALJ discussed that are related to Gruenhagen's lung and jaw conditions. Dkt. 15, at 9–10. But the absence and off-task restrictions that Fitzgerald recommended and the ALJ rejected were related to Gruenhagen's sacroiliac pain, so the court will focus on the two pieces of evidence that are relevant to that condition.

the injections relieved Gruenhagen's symptoms during the relevant period. The medical record that the ALJ cites shows only that Gruenhagen received sacroiliac injections between approximately 2013 and 2018 and that they "seem[ed] to help her quite a bit." R. 412. The record does not say whether Gruenhagen continued to receive injections throughout the period in which she alleges disability, nor does it say whether the resulting improvement in her symptoms was enough to allow her to function at work. "There is no logical bridge between improvement in symptoms and the conclusion that the symptoms are not severe; improved pain may still be severe pain." *Thompson v. Saul*, No. 18-cv-1698, 2019 WL 4739469, at *4 (E.D. Wis. Sept. 27, 2019); *see also Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014) ("Although the ALJ stated the medical notes showed Murphy's health consistently improved the twelve months after her stroke, there is no evidence to suggest that she had improved to the point where she could perform light work.")

The ALJ's reasons for rejecting portions of Fitzgerald's 2017 opinion are not logically supported by the medical evidence. Remand is warranted so that the ALJ can reconsider that opinion.

**B. 2023 opinion**

In 2023, Fitzgerald examined Gruenhagen again and provided a second opinion about her functional abilities. R. 1295–99. Fitzgerald said that Gruenhagen's back problems, arthritis, and pain and numbness in her hands and feet would substantially limit her at work. He said that she could lift, bend, and twist only occasionally, would not be able to sit or stand for prolonged periods, could walk only rarely with an assistive device, could not speak or use the telephone for prolonged periods, and could not use her hands or fingers on a prolonged basis. R. 1299.

The ALJ rejected the 2023 opinion in its entirety because it "addresses the ultimate issue reserved to the Commissioner and is therefore inherently neither valuable nor persuasive per regulation 20 C.F.R. 404.1520(b)(c)." R. 20. It's true that Fitzgerald opined on the ultimate issue of whether Gruenhagen was disabled. He wrote: "In my opinion, she would have reason to pursue disability under section 11.1 for of social security disability listing of impairments, with the peripheral neuropathy causing disorganized motor function specifically affecting balance while standing or walking, as well as the use of her hands for fine motor or dextrose movements, and she also notes some difficulties with understanding or remembering." R. 1299. He also wrote that Gruenhagen had "[p]ermanent/total disability from full time employment at any physical demand level due to medical conditions." The ultimate issue of whether a claimant is disabled is reserved to the commissioner under the Social Security regulations, so the ALJ properly declined to consider these statements. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000).

Gruenhagen does not dispute the above point. But she contends that the ALJ erred in entirely disregarding Fitzgerald's 2023 opinion, because Fitzgerald also offered opinions about Gruenhagen's specific functional limitations, which she says the ALJ should have considered. The commissioner didn't address that issue in his response brief, so he has forfeited it. *See Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007). On remand, the ALJ will have to reconsider both Fitzgerald's 2017 and 2023 opinions.

ORDER

IT IS ORDERED that the decision denying disability benefits to plaintiff Michele Gruenhagen is REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered September 30, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge